IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RENE A. MAZARIEGOS | ) | CASE NO. 1:10CV0840 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | |
| J. T. SHARTLE | ) | MEMORANDUM OF OPINION |
| | ) | <u>AND ORDER</u> |
| Respondent. | ) | |

Petitioner *pro se* Rene A. Mazariegos ("Mazariegos"), incarcerated at the Federal Correctional Institution, Elkton, Ohio, filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. On May 8, 2007, he pled guilty in the United States District Court for the Middle District of Pennsylvania to Possession of Stolen Firearms, Aid and Abet (18 U.S.C. § 922(j) and 2) and Use of a Firearm During, in Relation to, and in Furtherance of a Drug Trafficking Crime, Aid and Abet (18 U.S.C. § 924(c)(1)(A)(j) and 2). He was sentenced to a term of imprisonment of 84 months on the stolen firearm offense and 60 months on the use of firearm violation to run consecutively for a total of 144 months.

Mazariegos asserts that the sentencing judge erred by imposing a 60 month consecutive sentence under 18 U.S.C. § 924(c), even though a greater minimum was provided for the predicated offense; violation of 18 U.S.C. § 922(j). He requests that this Court amend the sentence to read that the 60 month consecutive sentence under § 924(c) be run concurrent with the 84 month term of imprisonment.

In 1948, Congress amended 28 U.S.C. § 2255 to allow the court that imposes a sentence, as distinct from the court with jurisdiction over the prisoner's custodian, to hear a collateral attack on that sentence. Although § 2255 was again amended in 1996 by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 (1996), it retained the crucial amendment passed in 1948 by the Judicial Conference, and thus currently provides in the fifth paragraph, that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. §2255 (1999).

Courts have uniformly held that claims asserted by federal prisoners seeking to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255, *see Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Cabrera v. United States*, 972 F.2d 23, 25-26 (2d Cir. 1992); *Cohen v. United States*, 593 F.2d 766, 770 (6th Cir. 1979), and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977)). The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. *See Bradshaw*, 86 F.3d at 166.

Still, § 2255 provides a safety valve wherein a federal prisoner may bring a § 2241 claim challenging his conviction or imposition of sentence, if it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." *Accord United States v. Hayman*, 342 U.S. 205, 223 (1952); *In re Hanserd*, 123 F.3d 922, 929 (6th Cir. 1997). It is beyond

question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. *See e.g., Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999) (per curiam). The § 2255 remedy is not considered inadequate or ineffective, however, simply because § 2255 relief has already been denied, *see In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997), *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1987), or because the petitioner is procedurally barred from pursuing relief under § 2255, *see In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997); *Garris v. Lindsay*, 794 F.2d 722, 726-27 (D.C.Cir. 1986) (per curiam), or because the petitioner has been denied permission to file a second or successive motion to vacate. *See In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998).

Mazariegos asserts that he may bring this § 2241 Petition because the Sixth Circuit has held in *United States v. Almany*, 538 F.3d 238, 241-42 (6th Cir. 2010), that defendant's consecutive sentencing to both a five-year mandatory minimum sentence for possession of a firearm in furtherance of a drug trafficking crime and a ten-year mandatory minimum sentence for a cocaine offense was prohibited, under the firearm statute's exemption from mandatory minimum for a defendant sentenced to another greater mandatory minimum sentence. However, the savings clause is not applicable unless there is an intervening change in the law that establishes innocence. *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001). Mazariegos has not claimed actual innocence. He only argues that his sentence was unlawful. *See Oguaju v. Eichenlaub*, 2008 WL 2998147, * 2 (E.D. Mich., Aug. 1, 2008) (to date, no federal circuit court has permitted a post-AEDPA petitioner who was not effectively making a claim of "actual innocence" to use § 2241 (via § 2255's saving's clause) as a way of circumventing § 2255's restriction on the filing of a second or successive motion to vacatesentence).

3

Mazariegos is challenging the imposition of his sentence, not the execution or manner in which he is serving his sentence, which usually entails the computation of sentence credits or parole eligibility. *See Armstrong v. Stine*, 2009 WL 129783 * 1 (E.D. Ky., Jan 20, 2009) (citing *Jalili,* 925 F.2d at 893-94). He has not shown that a § 2255 Motion would have been inadequate or ineffective in a manner entitling him to file under § 2241.

Accordingly, Mazariegos' Motion to Proceed *In Forma Pauperis* is granted. This action is dismissed. *See* 28 U.S.C. § 2243.[1] The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Date: June 4, 2010

JUDGE DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 2243 requires the court to summarily hear and determine the facts and dispose of the matter as law and justice require.