IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RENE A. MAZARIEGOS | ) | CASE NO. 1:10CV0840 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | |
| J. T. SHARTLE | ) | MEMORANDUM OF OPINION |
| | ) | <u>AND ORDER</u> |
| Respondent. | ) | |

Before the Court is *pro se* Petitioner Rene A. Mazariegos's ("Mazariegos") Motion for Reconsideration of the Court's Order of Dismissal of his Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241. (ECF 6). The dismissal was based on his failure to establish that his remedy pursuant to § 2255 was inadequate or ineffective. He now seeks an order vacating the judgment dismissing his Petition because he believes the Court was required to follow the law set forth in a Sixth Circuit case that he had cited.

On May 8, 2007, Mazariegos pled guilty in the United States District Court for the Middle District of Pennsylvania to Possession of Stolen Firearms, Aid and Abet (18 U.S.C. § 922(j) and 2) and Use of a Firearm During, in Relation to, and in Furtherance of a Drug Trafficking Crime, Aid and Abet (18 U.S.C. § 924(c)(1)(A)(j) and 2). He was sentenced to a term of imprisonment of 84 months on the stolen firearm offense and 60 months on the use of firearm violation to run consecutively for a total of 144 months

Mazariegos asserted that the sentencing judge erred by imposing a 60 month consecutive sentence under 18 U.S.C. § 924(c), even though a greater minimum was provided for the predicated

offense; violation of 18 U.S.C. § 922(j). He requested that this Court amend the sentence to read that the 60 month consecutive sentence under § 924(c) be run concurrent with the 84 month term of imprisonment.

The Court dismissed Mazariegos's Petition because he failed to establish that his remedy under 28 U.S.C. § 2255 was inadequate or ineffective to enable use of the § 2241 safety valve provided in § 2255(e). The Court stated in its Memorandum of Opinion:

> However, the savings clause is not applicable unless there is an intervening change in the law that establishes innocence. *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001). Mazariegos has not claimed actual innocence. He only argues that his sentence was unlawful. *See Oguaju v. Eichenlaub*, 2008 WL 2998147, * 2 (E.D. Mich., Aug. 1, 2008) (to date, no federal circuit court has permitted a post-AEDPA petitioner who was not effectively making a claim of "actual innocence" to use § 2241 (via § 2255's saving's clause) as a way of circumventing § 2255's restriction on the filing of a second or successive motion to vacate sentence).
> Mazariego is challenging the imposition of his sentence, not the execution or manner in which he is serving his sentence, which usually entails the computation of sentence credits or parole eligibility. *See Armstrong v. Stine*, 2009 WL 129783 * 1 (E.D. Ky., Jan 20, 2009) (citing *United States v. Jalili*, 925 F.2d 889, 893-94 6th Cir. 1991). He has not shown that a § 2255 Motion would have been inadequate or ineffective in a manner entitling him to file under § 2241.

Memorandum of Opinion, pgs. 3-4

In *Peterman v. Lamanna*, 1998 WL 1966071 (N.D. Ohio, Sep. 11, 1998), the law as to Peterman's sentence changed after his sentencing. On appeal of the District Court's ruling on a § 2255 Motion, his co-defendant was successful in obtaining resentencing as the law now required the District Court to make individualized findings regarding the scope of the conspiracy and the duration and nature of each defendant's participation in the scheme. *United States v. Milledge*, 109 F.3d 312, 316-17 (6th Cir. 1997). Peterman filed a § 2241 action. Because the law changed since Peterman was first sentenced and his co-defendant received a new sentence for the same reasons raised by

Peterman, the District Court granted the writ finding that highly exceptional circumstances existed. *Peterman*, 1998 WL 1696071 at * 3.

*Peterman* was reversed by *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001). The Court held that the savings clause is not applicable unless there is an intervening change in the law that establishes innocence. *Id.* The United States Supreme Court defined actual innocence as factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623-24 (1998). In order to establish actual innocence, the petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. *Id.* The petitioner is required to "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup v. Delo,* 513 U.S. 298, 324 (1995); *Oguaju v. Eichenlaub,* 2008 WL 2998147 * 2 (E.D. Mich., Aug 1, 2008).

In *In re Hanserd*, 123 F.3d, 922, 926 (6th Cir. 1997), cited by Mazariegos, the Court held that a federal prisoner who is incarcerated for conduct that is later held not to be criminal may obtain his freedom through a motion under § 2255. He contends that this Court should follow *Almany's* holding that imposing a consecutive sentence under 18 U.S.C. § 924(c), an action formerly believed to be correct, is in fact legally blameless. Since he has no other available legal remedy, the Court should allow his action under § 2241.

*Almany* involved an incorrect sentence. Innocence was not in question. Mazariegos has shown a legal insufficiency, a standard that does not authorize a § 2241 action. His case is similar to *Peterman* which held that a § 2241 action was not available even though a change in the

3

sentencing law occurred after he was sentenced.

Accordingly, Mazariegos's Motion for Reconsideration is denied.

IT IS SO ORDERED.

Date: July 14, 2010

/s/ Donald C. Nugent
JUDGE DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE